## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |  |
|---|---|---|
| ALPHA TOUCH GROUP LLC, | § § § | Case No. 2:26-cv-00 |
| Plaintiff, | § § § | **JURY TRIAL DEMANDED** |
| v. | § § § |  |
| TCL TECHNOLOGY GROUP CORP., TCL ELECTRONICS HOLDINGS LIMITED, TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, TCL COMMUNICATION LIMITED, TCT MOBILE INTERNATIONAL LIMITED, HUIZHOU TCL MOBILE COMMUNICATION COMPANY LIMITED, TCL MOBILE COMMUNICATION (HK) COMPANY LIMITED, and TCL CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD., | § § § § § § § § § § § § § § § § § |  |
| Defendants. | § |  |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Alpha Touch Group LLC ("Alpha Touch" or "Plaintiff") for its Complaint for patent infringement against Defendants TCL Technology Group Corp. ("TCL Technology"), TCL Electronics Holdings Limited ("TCL Electronics"), TCL Communication Technology Holdings Limited ("TCL Communication"), TCL Communication Limited ("TCLC"), TCT Mobile International Limited ("TCT"), Huizhou TCL Mobile Communication Company Limited ("Huizhou TCL Mobile"), TCL Mobile Communication (HK) Company Limited ("TCL Mobile (HK)"), and TCL China Star Optoelectronics Technology Co., Ltd. ("TCL CSOT") (collectively "TCL" or "Defendants") alleges as follows:

1

## THE PARTIES

1.      Alpha Touch is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, TX 75670.

2.      Upon information and belief, Defendant TCL Technology is a corporation organized and existing under the laws of China, with its principal place of business located at TCL Keji Daxia, No.17, Huifeng 3rd Road, Zhongkai High-Tech Zone Huizhou, Guangdong, 516000 China.  Defendant TCL Technology is a leading manufacturer and seller of smartphones and tablets in the world and in the United States. Upon information and belief, Defendant TCL Technology owns the trademark "TCL" which is marked on the Accused Products.[1] Upon information and belief, Defendant TCL Technology does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

3.      Upon information and belief, Defendant TCL Electronics is a corporation organized and existing under the laws of the Cayman Islands, with its principal place of business located at 5th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong, S.A.R., China, and may be served pursuant to the provisions of the Hague Convention. Upon information and belief, TCL Electronics is an indirect wholly-owned subsidiary of TCL Technology. TCL Electronics is involved in the manufacture and sale of TVs, smartphones, smart connective devices and services, smart commercial display and smart home products and

---

[1] *See* https://www.tcl.com/usca/content/dam/tcl/product/mobile/tcl-10-5g-uw/downloads/VZW%20TCL-T790S%20UM_20201020_FINAL.pdf.

provision of Internet platform operating services.[2] Upon information and belief, TCL Electronics does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

4.     Upon information and belief, Defendant TCL Communication is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business located at  10F, TCL Communication Technology Building, Block F4, TCL International E City, Zhong Shan Yuan Road, Nanshan District, Shenzhen, Guangdong, 518052, China, and may be served pursuant to the provisions of the Hague Convention.  Upon information and belief, TCL Communication is a wholly-owned subsidiary of TCL Electronics,[3] which is an indirectly wholly-owned subsidiary of TCL Technology.  Together with its subsidiaries, TCL Communication manufactures and sells smartphones. Upon information and belief, TCL Communication does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

5.     Upon information and belief, Defendant TCLC is a corporation organized and existing under the laws of the People's Republic of China, having an address of  10F,  TCL Communication Technology Building, Block F4, TCL International E City, Zhong Shan Yuan Road, Nanshan District, Shenzhen, Guangdong, 518052, China, and may be served pursuant to the provisions of the Hague Convention. TCLC is involved in the manufacture and sale of smartphones. Upon information and belief, TCLC does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

---

[2]   TCL   Electronics   Holdings   Limited   Annual   Report   2024,   at   144, https://doc.irasia.com/listco/hk/tclelectronics/annual/2024/ar2024.pdf.
[3] *Id.* at 147.

6.      Upon information and belief, Defendant TCT is a corporation organized and existing under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, with a principal place of business located at 5/F, Building 22E, Hong Kong Science Park, 22 Science Park East Avenue, Sha Tin, Hong Kong, S.A.R., China, and may be served pursuant to the provisions of the Hague Convention. TCT is a leading manufacturer and seller of smartphones and tablets in the world and in the United States. Upon information and belief, TCT is a wholly-owned subsidiary of TCL Electronics.[4]  Upon information and belief, TCT does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

7.      Upon information and belief, Defendant Huizhou TCL Mobile is a corporation organized and existing under the laws of the People's Republic of China, with a principal place of business located at No. 3, Donghe South Road, Dongxin Area, Dongjiang Hi-tech Industrial Park, Zhongkai Hi-tech Zone, Huizhou City, Guangdong, China, and may be served pursuant to the provisions of the Hague Convention. Upon information and belief, Huizhou TCL Mobile is a wholly-owned subsidiary of TCL Electronics[5] and is involved in the manufacture and sale of smartphones and tablets. Upon information and belief, Huizhou TCL Mobile does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

8.      Upon information and belief, Defendant TCL Mobile (HK) is a corporation organized and existing under the laws of the  People's Republic of China with a principal place of business located at 5/F, Building 22E, Hong Kong Science Park, 22 Science Park East Avenue, Sha Tin, Hong Kong ,S.A.R., China, and may be served pursuant to the provisions of the Hague Convention. Upon information and belief, TCL Mobile (HK) is an indirect wholly-owned

---

[4] *Id.*
[5] *Id.*

subsidiary of TCL Electronics[6] involved in the manufacture and sale of smartphones. Upon information and belief, TCL Mobile (HK) does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

9.      Upon information and belief, Defendant TCL CSOT is a corporation organized and existing under the laws of the People's Republic of China, with a principal place of business located at No. 9-2 Tangming Avenue, Guangming New District, Shenzhen, Guangdong, 518132, China, and may be served pursuant to the provisions of the Hague Convention. Upon information and belief, TCL CSOT is a wholly-owned subsidiary of TCL Technology and is involved in the manufacture and sale of smartphones and tablets, including the displays used therein. Upon information and belief, TCL CSOT does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

10.     Upon information and belief, the Defendants are part of an interrelated group of companies that work in consort with one another and collectively comprise one of the world's largest manufacturers of smartphones and tablets, and one of the leading sellers of smartphones and tablets smartphones in the United States, including the TCL and Alcatel brands. TCL, which refers to the company and its subsidiaries as the "Group," describes itself as one of the "world's leading consumer electronics company" and states that the Group is "mainly involved in the manufacture and sale of television ('TV') sets, smart mobile, smart connective devices and services, smart commercial display and smart home products and provision of Internet platform operating services."[7]

---

[6] *Id.*
[7] *Id.* at 5, 141.

11.     Defendants named above and their affiliates operate as a unitary business venture and are both jointly and severally liable for the acts of patent infringement alleged herein.

## JURISDICTION

12.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over Defendants. Defendants regularly conduct business and have committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or have contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.  Defendants, directly and/or through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the Patents-in-Suit.  Courts in Texas, including within this Judicial District, have concluded that Defendants, including TCL Technology, are subject to personal jurisdiction in the State of Texas and within this Judicial District. *See, e.g.*, *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-CV-00546-JRG, 2020 WL 1478356, at *3 (E.D. Tex. Mar. 25, 2020) ("The Court therefore concludes that exercising personal jurisdiction over [TCL Technology] is reasonable and fair. Since the Court has also concluded that [TCL Technology] purposefully directed the Accused Products to this forum, and the alleged infringement arises out of and/or relates thereto, the Court finds that it may exercise personal jurisdiction over [TCL Technology] under specific jurisdiction."); *Semcon IP Inc. v. TCT Mobile Int'l Ltd.*, No. 2:18-CV-00194-JRG, 2019 WL 2774362, at *1 (E.D. Tex. July 2, 2019) (denying TCT Mobile International Limited's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)).

14.　　Defendants, including TCL Technology, induce their subsidiaries, affiliates, retail partners, and customers to make, use, sell, offer for sale, and/or important throughout the United States, including within this Judicial District, infringing products and placing such products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas. Paragraphs 2 through 11 are incorporated by reference as if fully set forth herein. Defendants, including TCL Technology, purposefully direct the infringing products identified herein into established distribution channels within this District and the U.S. nationally. For example, Defendants sell and offer to sell the infringing products through its website, https://www.tcl.com/us/en, which may be accessed throughout the United States, the State of Texas, and this Judicial District. Additionally, Defendants have authorized sellers and sales representatives that offer for sale and sell the infringing products throughout the State of Texas and to consumers throughout this District, including at the following locations in this District: Best Buy, 422 West Loop 281, Suite 100, Longview, Texas 75605; Costco Wholesale, 3650 West University Drive, McKinney, Texas 75071; Office Depot, 422 West Loop 281, Suite 300, Longview, Texas 75605; Target, 3092 North Eastman Road, Suite 100, Longview, Texas 75605; Wal-Mart, 1701 East End Boulevard North, Marshall, Texas 75670; Verizon, 500 E Loop 281, Longview, Texas 75670; AT&T, 1712 E Grand Ave, Marshall, Texas 75670; and T-Mobile, 1806 E. End Blvd., N. Ste 100, Marshall, Texas 75670.

15.　　In addition, or in the alternative, this Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(2).

16.　　Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendants are not residents in the United States and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

17.　　Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to their substantial business in this State and Judicial District, including (a) at least part of their past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

18.　　On March 28, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,606,675 (the "'675 Patent") entitled "Capacitive Touch Panel".  A true and correct copy of the '675 Patent is available at: https://patentimages.storage.googleapis.com/56/ba/cd/ea2cdb44d2154d/US9606675.pdf.

19.　　On July 19, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,395,857 (the "'857 Patent") entitled "Capacitive Touch Panel".  A true and correct copy of the '857 Patent is available at: https://patentimages.storage.googleapis.com/0b/3a/c4/73390cafbf9102/US9395857.pdf.

20.　　On July 9, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,482,542 (the "'542 Patent") entitled "Capacitive Touch Panel".  A true and correct copy of the '542 Patent is available at: https://patentimages.storage.googleapis.com/ee/b6/f2/3b55516052e749/US8482542.pdf.

21.　　Alpha Touch is the sole and exclusive owner of all right, title, and interest in the '675 Patent, the '857 Patent, and the '542 Patent, (collectively, the "Patents-in-Suit" or "Asserted

8

Patents"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Alpha Touch also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

22.     Alpha Touch has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. Upon information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## **FACTUAL ALLEGATIONS**

23.     The Patents-in-Suit generally relate to methods and apparatuses related to touch screens and displays on electronic devices.

24.     The '675 Patent, the '857 Patent, and the '542 Patents relate to electronic devices with capacity touch panels. The technology described in the '657 Patent was developed by Chen-Yu Liu and Kwan-Sin Ho at TPK Touch Solutions Inc. The technology described in the '857 Patent and the '542 Patent was developed by Jason Wu, Yen-Chung Hung, Ruey-Shing Weng, and Chih-Chang Lai at TPK Touch Solutions Inc. For example, the patented technology is implemented in infringing TCL devices with AMOLED and/or NXTPAPER displays with capacitive touch, including, but not limited to, the TCL smartphone and tablet devices made, used, offered for sale, sold, and/or imported into the United States, such as the TCL 10 Pro, TCL 20 Pro 5G, TCL 30 5G, TCL 40 NXTPAPER 5G, TCL 50 XL NXTPAPER 5G, TCL 50 XE NXTPAPER 5G, TCL 60 XE NXTPAPER 5G, TCL NXTPAPER 14, TCL NXTPAPER 11 Plus, TCL NXTPAPER 11 Gen 2, TCL TAB 10 NXTPAPER 5G, TCL TAB 8 NXTPAPER 5G (collectively, the "Accused Products").

25.     TCL has infringed and is continuing to infringe the Patents-in-Suit by making,

using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products, including, but not limited, to smartphones and tablets.

## COUNT I
### (Infringement of the '675 Patent)

26.    Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27.    Alpha Touch has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '675 Patent.

28.    Defendants have and continue to directly infringe the '675 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '675 Patent. Such infringing products include TCL smartphones and tablets, including, but not limited to, the TCL 30 5G, among other TCL products.

29.    For example, Defendants have and continue to directly infringe at least claim 1 of the '675 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include TCL smartphones and tablets with AMOLED or NXTPAPER displays, including, but not limited to, the TCL 30 5G, among other TCL Products. The TCL 30 5G is exemplary and representative of how the Accused Products infringe the '675 Patent.

30.    The TCL 30 5G includes a capacitive touch panel comprising: a substrate made of glass or plastic material having a first surface (e.g., a portion of the display) and a second surface (e.g., a portion of the display).



| DISPLAY | |
| --- | --- |
| Size | 6.7" |
| Type | AMOLED |
| Resolution | 2400x1080 FHD+ |
| Touch Technology | Capacitive |

[8]

On-Cell technology: refers to the solution of embedding the touch screen between the color filter substrate and the polarizer of the display screen, that is, equipping the LCD panel with a touch sensor. Its technical difficulty is simpler than Incell. It is currently mostly used in Samsung Amoled panel products. It has not yet overcome the problem of thinness and uneven color when touching.

---

[8] https://us.tcl.com/products/30-5g?srsltid=AfmBOooW8rL9_R6LzN2P7cTTn1D-x0cTjt2i-6Tw909b3V_KEPd9vRip



31.     The TCL 30 5G comprises a sensing circuit (e.g., a portion of the touch sensor part of the display panel).

On-Cell technology: refers to the solution of embedding the touch screen between the color filter substrate and the polarizer of the display screen, that is, equipping the LCD panel with a touch sensor. Its technical difficulty is simpler than Incell. It is currently mostly used in Samsung Amoled panel products. It has not yet overcome the problem of thinness and uneven color when touching.



32.     The TCL 30 5G comprises a physical tactile inputting integration (e.g., the AMOLED based touch panel integrates a physical tactile inputting architecture over the surface of

---

[9] https://www.innoluxlcdpanel.com/info/3-touch-technologies-of-lcd-capacitive-touch-s-81714964.html

[10] https://www.innoluxlcdpanel.com/info/3-touch-technologies-of-lcd-capacitive-touch-s-81714964.html

the cover glass) having a peripheral masking area (e.g., area below the cover glass) and having the first surface (e.g., one sensing side) for receiving the physical tactile input and the second surface for forming said sensing circuit (a second side fabricated circuitry / sensing electrodes).

On-Cell technology: refers to the solution of embedding the touch screen between the color filter substrate and the polarizer of the display screen, that is, equipping the LCD panel with a touch sensor. Its technical difficulty is simpler than Incell. It is currently mostly used in Samsung Amoled panel products. It has not yet overcome the problem of thinness and uneven color when touching.



33.    The TCL 30 5G comprises a physical tactical imputing integration having a peripheral masking area and having the first surface for receiving the physical tactile input and the second surface for forming said sensing circuit, wherein there is no other substrate made of glass or plastic material laminated or bonded on the first surface of the substrate (e.g., a deposited touch sensor).

---

[11] https://www.innoluxlcdpanel.com/info/3-touch-technologies-of-lcd-capacitive-touch-s-81714964.html

34.    Defendants have and continue to indirectly infringe one or more claims of the '675 Patent by knowingly and intentionally inducing others, including TCL customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

35.    Defendants, with knowledge that these products, or the use thereof, infringe the '675 Patent at least as of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '675 Patent by providing these products to end users for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their officers, agents, and employees to not review the patents of others, including specifically those related to Defendants' specific industry, with the subjective belief that there was a high probability that Defendants would learn of their infringing activities, thereby remaining willfully blind to the '675 Patent at least as early as the issuance of the '675 Patent.

36.    Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high

---

[12] https://www.innoluxlcdpanel.com/info/3-touch-technologies-of-lcd-capacitive-touch-s-81714964.html

probability that others, including end users, infringe the '675 Patent, but while remaining willfully blind to the infringement.  Defendants have and continue to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' website, product literature and packaging, and other publications, which are prepared by, at the direction of, or on behalf of Defendants.[13] For example, Defendants' Quick Starter Guides and the User Guides instruct customers and end-users on various uses of the infringing touchscreen and displays on the Accused Products. For example, the TCL 30 5G User Guide instructs TCL customers and end-users to use the infringing display.

---

[13] *See* https://us.tcl.com/products/30-5g?srsltid=AfmBOooW8rL9_R6LzN2P7cTTn1D-x0cTjt2i-6Tw909b3V_KEPd9vRip, which, for example, allows customers and end-users to download a Quick Starter Guide and a User Manual, in both English and Spanish.



37.     On information and belief, Defendants directly prepare and/or assist in the preparation of, and provide customers and end-users with, User Guides for their specific products. On information and belief, Defendants' User Guides and other product information documents are prepared by or under the direction of Defendants to instruct customers and end-users on how to use the accused products in an infringing manner. For example, the TCL 30 5G was designed and manufactured by Defendants, and, therefore, Defendants are most familiar with its operations.

38.     Because of Defendants' inducement, Defendants' customers and end-users use Accused Products in a way Defendants intend and directly infringe the '675 Patent. Defendants

---

<sup>14</sup> *See* TCL 30 5G User Guide, at p. 10, available for download at: https://us.tcl.com/products/30-5g?srsltid=AfmBOooW8rL9_R6LzN2P7cTTn1D-x0cTjt2i-6Tw909b3V_KEPd9vRip

perform these affirmative acts with knowledge of the '675 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '675 Patent.

39.     Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '675 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contribute to others' use and manufacture of the Accused Products, such that the '675 Patent is directly infringed by others. The accused components within the Accused Products including, but not limited to, hardware (e.g., touch screens and/or touch screen components) manufactured by Defendants, are material to the invention of the '675 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be especially made or adapted for use in the infringement of the '675 Patent. Defendants perform these affirmative acts with knowledge of the '675 Patent and with intent, or willful blindness, that they cause the direct infringement of the '675 Patent.

40.     Alpha Touch has suffered damages as a result of Defendants' direct and indirect infringement of the '675 Patent in an amount to be proven at trial.

41.     Alpha Touch has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '675 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '857 Patent)

42.     Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

43.     Alpha Touch has not licensed or otherwise authorized Defendants to make, use,

17

offer for sale, sell, or import any products that embody the inventions of the '857 Patent.

44.    Defendants have and continue to directly infringe the '857 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '857 Patent. Such infringing products include TCL smartphones and tablets, including, but not limited to, the TCL 30 5G, among other TCL products.

45.    For example, Defendants have and continue to directly infringe at least claim 15 of the '857 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include TCL smartphones and tablets with AMOLED or NXTPAPER displays, including, but not limited to, the TCL 30 5G, among other TCL Products. The TCL 30 5G is exemplary and representative of how the Accused Products infringe the '857 Patent.

46.    The TCL 30 5G comprises a capacitive touch panel, comprising: a cover lens (e.g., the display cover).



| DISPLAY | |
|---|---|
| Size | 6.7" |
| Type | AMOLED |
| Resolution | 2400x1080 FHD+ |
| Touch Technology | Capacitive |

15

47.     The TCL 30 5G comprises a decoration layer disposed on a surface of the cover lens (e.g., the coating and/or layer on the cover lens).

---

[15] https://us.tcl.com/products/30-5g?srsltid=AfmBOooW8rL9_R6LzN2P7cTTn1D-x0cTjt2i-6Tw909b3V_KEPd9vRip

19



16

48.     The TCL 30 5G comprises a color filter substrate disposed parallel to the cover lens

(e.g., color filter in the AMOLED display).

- **On-cell:** The touch sensor is an X-Y array of capacitive electrodes deposited on the top or bottom surface of the color- | filter substrate. Strictly speaking, when the electrodes are on the bottom surface of the substrate they are physically inside

---



**Fig. 3:** *In this schematic illustration of voltage-sensing in-cell touch, two micro-switches are shown occupying a portion of one subpixel in the top view at left. The side view at right shows the implementation of a micro-switch using a conductive column spacer. Source: Samsung.*



**Fig. 4:** *In the in-cell configuration for charge sensing, conductive column spacers for each pixel or group of pixels are located on the underside of the color-filter substrate, and there is a corresponding conductive electrode on the TFT-array substrate. Pressing the surface of the display causes the capacitance between the electrodes to change. Source: LG Display.*

---

[17] https://sid.onlinelibrary.wiley.com/doi/10.1002/j.2637-496X.2010.tb00228.x



49.    The TCL 30 5G comprises an electrode layer disposed on the color filter substrate to perform touch-sensing operations (e.g., an electrode layer in the touch sensor).

- **On-cell:** The touch sensor is an X-Y array of capacitive electrodes deposited on the top or bottom surface of the color- filter substrate. Strictly speaking, when the electrodes are on the bottom surface of the substrate they are physically inside

---

[18] https://lcdscreenmfg.com/touchscreen-optical-bonding-incell-vs-oncell/



**Fig. 3:** *In this schematic illustration of voltage-sensing in-cell touch, two micro-switches are shown occupying a portion of one subpixel in the top view at left. The side view at right shows the implementation of a micro-switch using a conductive column spacer. Source: Samsung.*



**Fig. 4:** *In the in-cell configuration for charge sensing, conductive column spacers for each pixel or group of pixels are located on the underside of the color-filter substrate, and there is a corresponding conductive electrode on the TFT-array substrate. Pressing the surface of the display causes the capacitance between the electrodes to change. Source: LG Display.*

---

[19] https://sid.onlinelibrary.wiley.com/doi/10.1002/j.2637-496X.2010.tb00228.x



50.     The TCL 30 5G comprises at least one adhesive layer for binding the cover lens and the color filter substrate (e.g., lamination in the display, such as optically clear adhesive).



---

[20] https://lcdscreenmfg.com/touchscreen-optical-bonding-incell-vs-oncell/
[21] https://lcdscreenmfg.com/touchscreen-optical-bonding-incell-vs-oncell/

51.     Defendants have and continue to indirectly infringe one or more claims of the '857 Patent by knowingly and intentionally inducing others, including TCL customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

52.     Defendants, with knowledge that these products, or the use thereof, infringe the '857 Patent at least as of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '857 Patent by providing these products to end users for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their officers, agents, and employees to not review the patents of others, including specifically those related to Defendants' specific industry, with the subjective belief that there was a high probability that Defendants would learn of their infringing activities, thereby remaining willfully blind to the '857 Patent at least as early as the issuance of the '857 Patent.

53.     Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '857 Patent, but while remaining willfully blind to the infringement.  Defendants have and continue to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' website, product literature and packaging, and other publications, which are prepared by, at the direction of, or on behalf of Defendants.[22] For example, Defendants'

---

[22] *See* https://us.tcl.com/products/30-5g?srsltid=AfmBOooW8rL9_R6LzN2P7cTTn1D-x0cTjt2i-6Tw909b3V_KEPd9vRip, which, for example, allows customers and end-users to download a Quick Starter Guide and a User Manual, in both English and Spanish.

Quick Starter Guides and the User Guides instruct customers and end-users on various uses of the infringing touchscreen and displays on the Accused Products. For example, the TCL 30 5G User Guide instructs TCL customers and end-users to use the infringing display.



54. On information and belief, Defendants directly prepare and/or assist in the preparation of, and provide customers and end-users with, User Guides for their specific products. On information and belief, Defendants' User Guides and other product information documents are prepared by or under the direction of Defendants to instruct customers and end-users on how to use the accused products in an infringing manner. For example, the TCL 30 5G was designed and

---

[23] *See* TCL 30 5G User Guide, at p. 10, available for download at: https://us.tcl.com/products/30-5g?srsltid=AfmBOooW8rL9_R6LzN2P7cTTn1D-x0cTjt2i-6Tw909b3V_KEPd9vRip

manufactured by Defendants, and, therefore, Defendants are most familiar with its operations.

55. Because of Defendants' inducement, Defendants' customers and end-users use accused products in a way Defendants intend and directly infringe the '857 Patent. Defendants perform these affirmative acts with knowledge of the '857 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '857 Patent.

56. Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '857 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contribute to others' use and manufacture of the Accused Products, such that the '857 Patent is directly infringed by others. The accused components within the Accused Products including, but not limited to, hardware (e.g., touch screens and/or touch screen components) manufactured by Defendants, are material to the invention of the '857 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be especially made or adapted for use in the infringement of the '857 Patent. Defendants perform these affirmative acts with knowledge of the '857 Patent and with intent, or willful blindness, that they cause the direct infringement of the '857 Patent.

57. Alpha Touch has suffered damages as a result of Defendants' direct and indirect infringement of the '857 Patent in an amount to be proven at trial.

58. Alpha Touch has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '857 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '542 Patent)

59.     Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

60.     Alpha Touch has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '542 Patent.

61.     Defendants have and continue to directly infringe the '542 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '542 Patent. Such infringing products include TCL smartphones and tablets, including, but not limited to, the TCL 30 5G, among other TCL products.

62.     For example, Defendants have and continue to directly infringe at least claim 1 of the '542 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include TCL smartphones and tablets with AMOLED or NXTPAPER displays, including, but not limited to, the TCL 30 5G, among other TCL Products. The TCL 30 5G is exemplary and representative of how the Accused Products infringe the '542 Patent.

63.     The TCL 30 5G comprises a capacitive touch panel comprising: a cover lens for assembly with a display panel (e.g., strengthened glass, such as aluminosilicate glass with the display).

28



| DISPLAY | |
|---|---|
| Size | 6.7" |
| Type | AMOLED |
| Resolution | 2400x1080 FHD+ |
| Touch Technology | Capacitive |

24

64.     The TCL 30 5G comprises a first electrode layer (e.g., touch sensing electrode pattern, such as Tx or Rx electrodes integrated with the display), disposed on a first side of the cover lens (e.g. on the underside / inward facing side of the cover lens).

---

[24] https://us.tcl.com/products/30-5g?srsltid=AfmBOooW8rL9_R6LzN2P7cTTn1D-x0cTjt2i-6Tw909b3V_KEPd9vRip

65.    On information and belief, the TCL 30 5G comprises an anti-reflective coating (e.g., anti-reflection layer/coating, such as internal low-reflection layers) with the capacitive touchscreen.

66.    The TCL 30 5G comprises a nongaseous insulating layer (e.g., an insulation layer, such as a dielectric layer/passive layer, polymer insulating film, optically clear adhesive layer, or insulating resin) disposed on a surface of the first electrode layer opposite the cover lens.

67.    The TCL 30 5G comprises a second electrode layer, disposed on a surface of the nongaseous insulating layer opposite the first electrode layer (e.g., the complementary Tx/Rx grid to the first layer).

68.    Defendants have and continue to indirectly infringe one or more claims of the '542 Patent by knowingly and intentionally inducing others, including TCL customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

69.    Defendants, with knowledge that these products, or the use thereof, infringe the '542 Patent at least as of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '542 Patent by providing these products to end users for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their officers, agents, and employees to not review the patents of others, including specifically those related to Defendants' specific industry, with the subjective belief that there was a high probability that Defendants would learn of their infringing activities, thereby remaining willfully blind to the '542 Patent at least as early as the issuance of the '542 Patent.

70.    Defendants have induced infringement by others, including end users, with the

intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '542 Patent, but while remaining willfully blind to the infringement.  Defendants have and continue to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' website, product literature and packaging, and other publications, which are prepared by, at the direction of, or on behalf of Defendants.[25] For example, Defendants' Quick Starter Guides and the User Guides instruct customers and end-users on various uses of the infringing touchscreen and displays on the Accused Products. For example, the TCL 30 5G User Guide instructs TCL customers and end-users to use the infringing display.

---

[25] *See* https://us.tcl.com/products/30-5g?srsltid=AfmBOooW8rL9_R6LzN2P7cTTn1D-x0cTjt2i-6Tw909b3V_KEPd9vRip, which, for example, allows customers and end-users to download a Quick Starter Guide and a User Manual, in both English and Spanish.



71.      On information and belief, Defendants directly prepare and/or assist in the preparation of, and provide customers and end-users with, User Guides for their specific products. On information and belief, Defendants' User Guides and other product information documents are prepared by or under the direction of Defendants to instruct customers and end-users on how to use the accused products in an infringing manner. For example, the TCL 30 5G was designed and manufactured by Defendants, and, therefore, Defendants are most familiar with its operations.

72.      Because of Defendants' inducement, Defendants' customers and end-users use accused products in a way Defendants intend and directly infringe the '542 Patent. Defendants

---

[26] *See* TCL 30 5G User Guide, at p. 10, available for download at: https://us.tcl.com/products/30-5g?srsltid=AfmBOooW8rL9_R6LzN2P7cTTn1D-x0cTjt2i-6Tw909b3V_KEPd9vRip

perform these affirmative acts with knowledge of the '542 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '542 Patent.

73.    Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '542 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contribute to others' use and manufacture of the Accused Products, such that the '542 Patent is directly infringed by others. The accused components within the Accused Products including, but not limited to, hardware (e.g., touch screens and/or touch screen components) manufactured by Defendants, are material to the invention of the '542 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be especially made or adapted for use in the infringement of the '542 Patent. Defendants perform these affirmative acts with knowledge of the '542 Patent and with intent, or willful blindness, that they cause the direct infringement of the '542 Patent.

74.    Alpha Touch has suffered damages as a result of Defendants' direct and indirect infringement of the '542 Patent in an amount to be proven at trial.

75.    Alpha Touch has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '542 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all issues so triable.

33

## **PRAYER FOR RELIEF**

WHEREFORE, Alpha Touch prays for relief against Defendants as follows:

a.      Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.      An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patents-in-Suit;

c.      An order awarding damages sufficient to compensate Alpha Touch for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.      Entry of judgment declaring that this case is exceptional and awarding Alpha Touch its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.      Such other and further relief as the Court deems just and proper.


Dated: March 24, 2026                         Respectfully submitted,

                                               */s/ Vincent J. Rubino, III*
                                               Alfred R. Fabricant
                                               NY Bar No. 2219392
                                               Email: ffabricant@frlip.com
                                               Peter Lambrianakos
                                               NY Bar No. 2894392
                                               Email: plambrianakos@frlip.com
                                               Vincent J. Rubino, III
                                               NY Bar No. 4557435
                                               Email: vrubino@frlip.com
                                               **Fabricant, Rubino & Lambrianakos LLP**
                                               411 Theodore Fremd Avenue
                                               Suite 206 South
                                               Rye, New York 10580
                                               Telephone: (212) 257-5797
                                               Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, NJ 07078
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

*ATTORNEYS FOR PLAINTIFF,*
*ALPHA TOUCH GROUP LLC*

35