**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ALPHA TOUCH GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>TCL TECHNOLOGY GROUP CORP., TCL ELECTRONICS HOLDINGS LIMITED, TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, TCL COMMUNICATION LIMITED, TCT MOBILE INTERNATIONAL LIMITED, HUIZHOU TCL MOBILE COMMUNICATION COMPANY LIMITED, TCL MOBILE COMMUNICATION (HK) COMPANY LIMITED, and TCL CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:26-cv-00242-JRG<br><br>**JURY TRIAL DEMANDED** |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1. Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

3. **Additional Disclosures.** Without awaiting a discovery request, each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with the following limitation. For the purposes of this section "side" means one of (i) Plaintiff Alpha Touch Group LLC, (ii) Defendants TCL Technology Group Corp., TCL Electronics Holdings Limited, TCL Communication Technology Holdings Limited, TCL Communication Limited, TCT Mobile International Limited, Huizhou TCL Mobile Communication Company Limited, and TCL Mobile Communication (HK) Company Limited, or (iii) Defendant TCL China Star Optoelectronics Technology Co., Ltd.[2]

(a) Interrogatories: Each side may serve up to 25 interrogatories on the other side.

(b) Requests for Admission: Each side may serve up to 25 requests for admission on the other side. This limitation does not apply to requests for admission related to

[2] The separate treatment of TCL Technology Group Corp. and TCL China Star Optoelectronics Technology Co., Ltd. for purposes of this Order is based on Defendants' characterization and shall not be construed as a stipulation or concession by Plaintiff regarding the relationship between the entities, the scope of either entity's discovery obligations, or either entity's possession, custody, or control of discoverable information or materials. Plaintiff reserves the right to take discovery concerning these issues and to challenge Defendants' characterization to the extent appropriate.

the authentication of documents and things. The parties are required to meet and confer in good faith prior to serving any requests for admission directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable. Parties must respond promptly to any request for such a meet and confer.

(c) Depositions: Each side may take up to 68 total hours of deposition testimony of the other side, inclusive of both Rule 30(b)(1) and 30(b)(6) depositions. Depositions of experts and third parties do not count against these limits.

(d) Expert Depositions: Each side is limited to three (3) testifying expert witnesses. Each testifying expert may be deposed for a maximum of seven (7) hours per expert report. Absent showing of good cause, no expert shall be required to sit for a deposition for more than fourteen (14) deposition hours, however, experts shall not be required to testify for more than seven (7) hours of actual deposition time in one day unless stipulated or ordered.

(e) Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.

If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

**7.** **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

**8.** **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

**9.** **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party

believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10. No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11. Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12. Proposed Stipulations by the Parties Regarding Discovery.**

(a) **Third Party Discovery.** A Party who serves a subpoena in this case on a third party shall immediately provide a copy to the other parties. A Party who commands a deposition through a subpoena will invite and allow the other parties to attend such deposition. A party scheduling a deposition of a third party shall provide notice of the deposition date to all parties by at least seven days prior to the deposition. A Party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other parties within five (5) business days. Where reproduction of documents within five business days is not possible, the Party who received the documents will provide prompt notice to the

other parties and will work in good faith to resolve the issue on a case-by-case basis. This section does not change the existing obligations and requirements set forth in Fed. R. Civ. P. 45, or other Federal Rules of Civil Procedure.

(b) **Privilege Log**. The parties agree that the parties shall not be required to log any privileged documents created on or after the date of the Complaint in this action.

(c) **Service**. The parties agree to accept service by email to all counsel of record for the party to be served. Documents filed under seal will be immediately served on all counsel of record by email or other electronic means. The parties agree that electronic service shall be subject to Local Rule CV-5(a)(3)(C)-(D).

(d) **Expert Reports and Discovery**. The provisions of Fed. R. Civ. P. 26(b)(3)-(4) apply to the discovery of expert-related material and this paragraph does not change the existing protections for expert discovery and exceptions thereto set forth in those provisions. Testifying experts shall not be subject to discovery on any draft of their report or declarations in this case and such draft reports, declarations, notes, outlines, or any other writings leading up to an issued report or filed declaration in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work in this case, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. If an expert produces a report, the expert must also affirmatively produce all materials upon which the expert relied. No discovery can be taken from any consulting expert except to the extent that the consulting expert provided information, opinions, or other materials to a testifying expert who then relies upon such information, opinions, or other

materials in forming his or her final report, declaration, trial or deposition testimony, or any opinion disclosed in a report in this case. Materials, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney work product for purposes of this litigation.

i. In general, electronic communications (*e.g.*, email, instant messages) need not be searched and produced in response to discovery requests, absent a showing of good cause.

(e) **FRE 502(d).** Pursuant to Federal Rule of Evidence 502(d), production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other federal or state proceeding. For example, the mere production of privilege or work-product protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or work product protection over any produced documents after becoming aware of the production by notifying the receiving party of the assertion of privilege or protection in writing. At the producing party's request, the receiving party shall immediately return or destroy the produced materials subject to a privilege claim, and the producing party will provide a privilege log for those materials in accordance with Paragraph 6.

**13. Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be

Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 16th day of October, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE