**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ALPHA TOUCH GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>TCL TECHNOLOGY GROUP CORP., TCL ELECTRONICS HOLDINGS LIMITED, TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, TCL COMMUNICATION LIMITED, TCT MOBILE INTERNATIONAL LIMITED, HUIZHOU TCL MOBILE COMMUNICATION COMPANY LIMITED, TCL MOBILE COMMUNICATION (HK) COMPANY LIMITED, and TCL CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 2:26-cv-00242-JRG<br><br>Jury Trial Demanded |

**TCL CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.'S**
**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant TCL China Star Optoelectronics Technology Co., Ltd. ("TCL CSOT") hereby submits its Answer to Plaintiff Alpha Touch Group LLC's ("Plaintiff" or "Alpha Touch") Complaint for Patent Infringement ("Complaint"). Except as otherwise admitted in this Answer, TCL CSOT denies each and every allegation by Alpha Touch.

**THE PARTIES**

1. TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 1 of the Complaint and therefore denies them.

2. TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 2 of the Complaint and therefore denies them.

3. TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 3 of the Complaint and therefore denies them.

4. TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 4 of the Complaint and therefore denies them.

5. TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 5 of the Complaint and therefore denies them.

6. TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 6 of the Complaint and therefore denies them.

7. TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 7 of the Complaint and therefore denies them.

8. TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 8 of the Complaint and therefore denies them.

9. TCL CSOT admits that it is a corporation organized under the laws of the People's Republic of China with a principal place of business at No. 9-2 Tangming Ave., Guangming New District, Shenzhen, Guangdong, 518132, China. TCL CSOT admits that it is a subsidiary of TCL Technology Group Corp but denies that it is a wholly-owned subsidiary. TCL CSOT denies any remaining allegations in Paragraph 9 of the Complaint.

10. TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 10 of the Complaint and therefore denies them.

11. Denied.

## JURISDICTION

12. TCL CSOT admits that this is an action purportedly arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. TCL CSOT denies that this Court has personal jurisdiction over it. TCL CSOT denies that it regularly conducts business and has committed acts of patent infringement and/or induced acts of patent infringement by others or has contributed to patent infringement by others in this Judicial District, the State of Texas, or anywhere in the U.S. TCL CSOT denies any allegations in this paragraph that reference or otherwise relate to the other named defendants on the basis that TCL CSOT is without sufficient knowledge or information to form a belief as to

the truth of these allegations. TCL CSOT denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14. TCL CSOT denies that it induces its subsidiaries, affiliates, retail partners, and customers to make, use, sell, offer for sale, and/or import throughout the United States. TCL CSOT denies any allegations in this paragraph that reference or otherwise relate to the other named defendants on the basis that TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of these allegations. TCL CSOT denies the remaining allegations in Paragraph 14.

15. To the extent that the allegations in this paragraph of the Complaint state legal conclusions, no response is required. TCL CSOT denies any allegations in this paragraph that reference or otherwise relate to the other named defendants on the basis that TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of these allegations. TCL CSOT denies any remaining allegations in Paragraph 15.

16. To the extent that the allegations in this paragraph of the Complaint state legal conclusions, no response is required. TCL CSOT denies any allegations in this paragraph that reference or otherwise relate to the other named defendants on the basis that TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of these allegations. TCL CSOT denies any remaining allegations in Paragraph 16.

17. TCL CSOT denies any allegations in this paragraph that reference or otherwise relate to the other named defendants on the basis that TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of these allegations. TCL CSOT denies the remaining allegations in Paragraph 17.

**PATENTS-IN-SUIT**

18. TCL CSOT admits that the webpage link provided leads to what appears to be a copy of U.S. Patent No. 9,606,675 (the "'675 Patent") and that on its face, the '675 patent is entitled "Capacitive Touch Panel" and has the issue date of March 28, 2017. TCL CSOT denies the remaining allegations in Paragraph 18.

19. TCL CSOT admits that the webpage link provided leads to what appears to be a copy of U.S. Patent No. 9,395,857 (the "'857 Patent") and that on its face, the '857 patent is entitled "Capacitive Touch Panel" and has the issue date of July 19, 2016. TCL CSOT denies the remaining allegations in Paragraph 19.

20. TCL CSOT admits that the webpage link provided leads to what appears to be a copy of U.S. Patent No. 8,482,542 (the "'542 Patent") and that on its face, the '542 patent is entitled "Capacitive Touch Panel" and has the issue date of July 9, 2013. TCL CSOT denies the remaining allegations in Paragraph 20.

21. TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies them.

22. TCL CSOT is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 22 of the Complaint and therefore denies them.

**FACTUAL ALLEGATIONS**

23. TCL CSOT admits that each Patent-in-Suit is entitled "Capacitive Touch Panel." TCL CSOT denies the remaining allegations in Paragraph 23.

24. TCL CSOT admits that each Patent-in-Suit is entitled "Capacitive Touch Panel." TCL CSOT admits that on its face, the '675 Patent lists Chen-Yu Liu and Kwan-Sin Ho as the

inventors and TPK Touch Solutions Inc. as the assignee. TCL CSOT admits that on its face, the ’857 Patent lists Jason Wu, Yen-Chung Hung, Ruey-Shing Weng, and Chih-Chang Lai as the inventors and TPK Touch Solutions Inc. as the assignee. TCL CSOT denies the remaining allegations in Paragraph 24.

25. Denied.

**COUNT I**
**(Alleged Infringement of the ’675 Patent)**

26. TCL CSOT incorporates by reference its responses in Paragraphs 1-25.

27. TCL CSOT admits that there is no license agreement between Alpha Touch and TCL CSOT. TCL CSOT denies the remaining allegations in Paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

**COUNT II**
**(Alleged Infringement of the ’857 Patent”)**

42. TCL CSOT incorporates by reference its responses in Paragraphs 1-25.

43. TCL CSOT admits that there is no license agreement between Alpha Touch and TCL CSOT. TCL CSOT denies the remaining allegations in Paragraph 43.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

**COUNT III**
**(Alleged Infringement of the ’542 Patent)**

59. TCL CSOT incorporates by reference its responses in Paragraphs 1-25.

60. TCL CSOT admits that there is no license agreement between Alpha Touch and TCL CSOT. TCL CSOT denies the remaining allegations in Paragraph 60.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

**DEMAND FOR JURY TRIAL**

TCL CSOT admits that Alpha Touch has demanded a jury trial.

**PRAYER FOR RELIEF**

A response to the prayer for relief is unnecessary. To the extent a response is required, TCL CSOT denies any allegations contained in the prayer for relief and denies that Alpha Touch

is entitled to any such judgment or relief, requested or otherwise. TCL CSOT has not and does not willfully infringe, directly or indirectly, any claim of the Patents-in-Suit.

## TCL CSOT'S DEFENSES

Subject to its response above, and upon information and belief, TCL CSOT alleges and asserts the following additional defenses in response to the allegations of the Complaint. In addition to the defenses below, TCL CSOT reserves all rights to allege additional defenses, including defenses currently unknown to TCL CSOT, as they become known throughout the course of discovery in this action. Assertion of a defense is not a concession that TCL CSOT has the burden of proving the matter asserted.

### FIRST DEFENSE
### (Failure to State a Claim)

1. The Complaint fails to state facts sufficient to state a cause of action and fails to state any claim against TCL CSOT upon which relief may be granted.

2. The Complaint fails to plead facts sufficient to state a claim for direct infringement under 35 U.S.C. § 271(a), including facts showing that TCL CSOT makes, uses, offers to sell, sells, and/or imports into the United States any of the products accused of infringement.

3. The Complaint fails to plead facts sufficient to state a claim for induced infringement under 35 U.S.C. § 271(b), including facts plausibly showing that TCL CSOT took clear, affirmative steps to encourage or cause direct infringement. *See Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, No. 24-889, 608 U.S. 580 (2026).

4. The Complaint fails to plead facts sufficient to state a claim for indirect infringement under 35 U.S.C. §§ 271(b), (c), including that TCL CSOT had any knowledge of the Patents-in-Suit.

**SECOND DEFENSE**
**(Non-infringement)**

5. TCL CSOT does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid and enforceable claim of the ’675, ’857, and the ’542 Patents (collectively, “the Patents-in-Suit”), either literally or under the doctrine of equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

6. TCL CSOT does not make, use, offer to sell, sell, and/or import into the United States any of the products accused of infringement and therefore has not committed any acts in violation of 35 U.S.C. § 271(a).

7. TCL CSOT has not taken any affirmative steps to encourage or cause any third party to engage in acts constituting infringement of any asserted claim of the Patents-in-Suit, and has not engaged in conduct that plausibly reflects a specific intent or knowledge to bring about such infringement, and therefore has not committed any acts in violation of 35 U.S.C. § 271(b) or (c).

**THIRD DEFENSE**
**(Invalidity)**

8. The claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto. For example,

the claims of U.S. Patent No. 8,482,542 are invalid at least for the reasons set forth in the petition filed in IPR2014-00927.

**FOURTH DEFENSE**
**(Limitation on Damages)**

9. Plaintiff's right to seek damages is limited, including without limitation by 35 U.S.C. §§ 286, 287.

**FIFTH DEFENSE**
**(Prosecution History Estoppel)**

10. Plaintiff's attempted enforcement of the Patents-in-Suit (*e.g.*, by a claim of literal infringement or infringement under the doctrine of equivalents) against TCL CSOT is barred by the doctrine of prosecution history estoppel.

11. For example, Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Patents-in-Suit.

**SIXTH DEFENSE**
**(Equitable Doctrines)**

12. Plaintiff's claims of infringement against TCL CSOT are barred in whole or in part by equitable doctrines, including the doctrines of patent misuse, collateral estoppel, equitable estoppel, unclean hands, and/or other applicable equitable doctrines.

**DEMAND FOR JURY TRIAL**

TCL CSOT requests a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by jury.

## COUNTERCLAIMS

TCL China Star Optoelectronics Technology Company, Ltd. ("TCL CSOT") asserts counterclaims against Plaintiff Alpha Touch Group LLC ("Plaintiff" or "Alpha Touch").

## THE PARTIES

1. TCL China Star Optoelectronics Technology Company, Ltd. is a company organized under the laws of the People's Republic of China having a regular and established place of business at No. 9-2 Tangming Ave., Guangming New District, Shenzhen, Guangdong, 518132, China.

2. Based on the allegations contained in the Complaint, Plaintiff Alpha Touch Group LLC is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, TX 75670.

## JURISDICTION AND VENUE

3. These are claims for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, which arise from an actual and existing controversy between TCL CSOT and Alpha Touch.

4. These claims arise under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Alpha Touch has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this district, as set forth in its Complaint.

6. To the extent the underlying action brought by Alpha Touch against TCL CSOT proceeds in this District, venue is proper because the facts and circumstances alleged in the

Counterclaims are related to the facts and circumstances alleged in the Complaint filed by Alpha Touch.

**COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,606,675 (the "'675 PATENT")**

7. TCL CSOT incorporates and realleges paragraphs 1-6 of its Counterclaims as if fully set forth herein.

8. Based on Alpha Touch's filing of this action and at least TCL CSOT's Second Defense, an actual controversy has arisen and now exists between the parties as to whether TCL CSOT has infringed the '675 Patent.

9. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Title 35 of the United States Code, TCL CSOT requests a declaration by the Court that TCL CSOT has not infringed, and does not infringe, any valid claim of the '675 Patent, whether directly, indirectly, literally, under the doctrine of equivalents, or willfully.

**COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,606,675 (the "'675 PATENT")**

10. TCL CSOT incorporates and realleges paragraphs 1-9 of its Counterclaims as if fully set forth herein.

11. Based on Alpha Touch's filing of this action and at least TCL CSOT's Third Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '675 Patent.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Title 35 of the United States Code, TCL CSOT requests a declaration by the Court that each claim of the '675 Patent is invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, and/or 112.

**COUNT III – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,395,857 (the "'857 PATENT")**

13. TCL CSOT incorporates and realleges paragraphs 1-12 of its Counterclaims as if fully set forth herein.

14. Based on Alpha Touch's filing of this action and at least TCL CSOT's Second Defense, an actual controversy has arisen and now exists between the parties as to whether TCL CSOT has infringed the '857 Patent.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Title 35 of the United States Code, TCL CSOT requests a declaration by the Court that TCL CSOT has not infringed, and does not infringe, any valid claim of the '857 Patent, whether directly, indirectly, literally, under the doctrine of equivalents, or willfully.

**COUNT IV – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,395,857 (the "'857 PATENT")**

16. TCL CSOT incorporates and realleges paragraphs 1-15 of its Counterclaims as if fully stated forth herein.

17. Based on Alpha Touch's filing of this action and at least TCL CSOT's Third Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '857 Patent.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Title 35 of the United States Code, TCL CSOT requests a declaration by the Court that each claim of the '857 Patent is invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, and/or 112.

**COUNT V – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,482,542 (the "'542 PATENT")**

19. TCL CSOT incorporates and realleges paragraphs 1-18 of its Counterclaims as if fully set forth herein.

20. Based on Alpha Touch's filing of this action and at least TCL CSOT's Second Defense, an actual controversy has arisen and now exists between the parties as to whether TCL CSOT has infringed the '542 Patent.

21. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Title 35 of the United States Code, TCL CSOT requests a declaration by the Court that TCL CSOT has not infringed, and does not infringe, any valid claim of the '542 Patent, whether directly, indirectly, literally, under the doctrine of equivalents, or willfully.

**COUNT VI – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,482,542 (the "'542 PATENT")**

22. TCL CSOT incorporates and realleges paragraphs 1-21 of its Counterclaims as if fully set forth herein.

23. Based on Alpha Touch's filing of this action and at least TCL CSOT's Third Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '542 Patent.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Title 35 of the United States Code, TCL CSOT requests a declaration by the Court that each claim of the '542 Patent is invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, and/or 112.

**TCL CSOT'S DEMAND FOR JURY TRIAL**

TCL CSOT requests a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by jury.

## TCL CSOT'S PRAYER FOR RELIEF

Wherefore, TCL CSOT respectfully requests that this Court award in favor of TCL CSOT and against Alpha Touch and grant the following relief:

a) Declare that TCL CSOT has not infringed literally or under the doctrine of equivalents, directly or indirectly any valid and enforceable claim of the '675 Patent;

b) Declare that all claims of the '675 Patent are invalid;

c) Declare that TCL CSOT has not infringed literally or under the doctrine of equivalents, directly or indirectly any valid and enforceable claim of the '857 Patent;

d) Declare that all claims of the '857 Patent are invalid;

e) Declare that TCL CSOT has not infringed literally or under the doctrine of equivalents, directly or indirectly any valid and enforceable claim of the '542 Patent;

f) Declare that all claims of the '542 Patent are invalid;

g) Find this an exceptional case and awarding TCL CSOT its reasonable attorney fees and costs pursuant to 35 U.S.C. § 285 and any other applicable statutes, rules or laws;

h) Award TCL CSOT pre-judgment and post-judgment interest on any award; and

i) Award TCL CSOT such additional relief as the Court may deem just and proper.

Date: October 27, 2026

Respectfully submitted,

*_/s/ Bradford A. Cangro_*
Bradford A. Cangro (admitted in TXED)
D.C. Bar No. 495996
PV Law LLP
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015-2052
Telephone: (202) 371-6861
Email: bradford.cangro@pvuslaw.com

Michael E. Jones

State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

***Attorneys for TCL China Star Optoelectronics Technology Co., Ltd.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record electronically on October 27, 2026.

*/s/ Bradford A. Cangro*
Bradford A. Cangro