**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

ALPHA TOUCH GROUP LLC,

*Plaintiff,*

v.

TCL TECHNOLOGY GROUP CORP., TCL ELECTRONICS HOLDINGS LIMITED, TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, TCL COMMUNICATION LIMITED, TCT MOBILE INTERNATIONAL LIMITED, HUIZHOU TCL MOBILE COMMUNICATION COMPANY LIMITED, TCL MOBILE COMMUNICATION (HK) COMPANY LIMITED, and TCL CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.,

*Defendants.*

**Case No. 2:26-cv-00242-JRG**

**Honorable Judge Rodney Gilstrap**

**Jury Trial Demanded**

**<u>TCL's ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT</u>**

Defendants TCL Technology Group Corp., TCL Electronics Holdings Limited, TCL Communication Technology Holdings Limited, TCL Communication Limited, TCT Mobile International Limited, Huizhou TCL Mobile Communication Company Limited, and TCL Mobile Communication (HK) Company Limited (collectively, "TCL") hereby submit their Answer to Plaintiff Alpha Touch Group LLC's ("Plaintiff" or "Alpha Touch") Complaint for Patent Infringement ("Complaint"). Except as otherwise admitted in this Answer, TCL denies each and every allegation by Alpha Touch.

## THE PARTIES

1. TCL is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 1 of the Complaint and therefore denies them.

2. TCL admits that TCL Technology Group Corp. is a corporation organized under the laws of the People's Republic of China with a principal place of business at TCL Keji Daxia, No. 17, Huifeng 3rd Road, Zhongkai High-Tech Zone Huizhou, Guangdong, 516000, China. TCL denies any remaining allegations in Paragraph 2 of the Complaint.

3. TCL admits that TCL Electronics Holdings Limited is a corporation organized under the laws of the Cayman Islands with a principal place of business at 5th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong, S.A.R., China. TCL denies any remaining allegations in Paragraph 3 of the Complaint.

4. TCL admits that TCL Communication Technology Holdings Limited is a limited liability company organized under the laws of the People's Republic of China. TCL denies any remaining allegations in Paragraph 4 of the Complaint.

5. TCL admits that TCL Communication Limited is a corporation organized under the laws of the People's Republic of China. TCL denies any remaining allegations in Paragraph 5 of the Complaint.

6. TCL admits that TCT Mobile International Limited is a corporation organized under the laws of Hong Kong with a principal place of business at 5/F, Building 22E, Hong Kong Science Park, 22 Science Park East Avenue, Sha Tin, Hong Kong, S.A.R., China. TCL denies any remaining allegations in Paragraph 6 of the Complaint.

7. TCL admits that Huizhou TCL Mobile Communication Company Limited is a corporation organized under the laws of the People's Republic of China with a principal place of

business at No. 3, Donghe South Road, Dongxin Area, Dongjiang Hi-tech Industrial Park, Zhongkai Hi-tech Zone, Huizhou City, Guangdong, China. TCL denies any remaining allegations in Paragraph 7 of the Complaint.

8. TCL admits that TCL Mobile Communication (HK) Company Limited is a corporation organized under the laws of Hong Kong with a principal place of business at 5/F, Building 22E, Hong Kong Science Park, 22 Science Park East Avenue, Sha Tin, Hong Kong, S.A.R., China. TCL denies any remaining allegations in Paragraph 8 of the Complaint.

9. TCL is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 9 of the Complaint and therefore denies them.

10. TCL is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 10 of the Complaint and therefore denies them.

11. Denied.

## JURISDICTION

12. TCL admits that this is an action purportedly arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. TCL denies that this Court has personal jurisdiction over it. TCL denies that it regularly conducts business and has committed acts of patent infringement and/or induced acts of patent infringement by others or has contributed to patent infringement by others in this Judicial District, the State of Texas, or anywhere in the U.S. TCL denies any allegations in this paragraph that reference or otherwise relate to the other named defendants on the basis that TCL is without

sufficient knowledge or information to form a belief as to the truth of these allegations. TCL denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14. TCL denies that it induces its subsidiaries, affiliates, retail partners, and customers to make, use, sell, offer for sale, and/or import throughout the United States. TCL denies any allegations in this paragraph that reference or otherwise relate to the other named defendants on the basis that TCL is without sufficient knowledge or information to form a belief as to the truth of these allegations. TCL denies the remaining allegations in Paragraph 14.

15. To the extent that the allegations in this paragraph of the Complaint state legal conclusions, no response is required. TCL denies any allegations in this paragraph that reference or otherwise relate to the other named defendants on the basis that TCL is without sufficient knowledge or information to form a belief as to the truth of these allegations. TCL denies any remaining allegations in Paragraph 15.

16. To the extent that the allegations in this paragraph of the Complaint state legal conclusions, no response is required. TCL denies any allegations in this paragraph that reference or otherwise relate to the other named defendants on the basis that TCL is without sufficient knowledge or information to form a belief as to the truth of these allegations. TCL denies any remaining allegations in Paragraph 16.

17. TCL denies any allegations in this paragraph that reference or otherwise relate to the other named defendants on the basis that TCL is without sufficient knowledge or information to form a belief as to the truth of these allegations. TCL denies the remaining allegations in Paragraph 17.

## PATENTS-IN-SUIT

18. TCL admits that the webpage link provided leads to what appears to be a copy of U.S. Patent No. 9,606,675 (the "'675 Patent") and that on its face, the '675 patent is entitled "Capacitive Touch Panel" and has the issue date of March 28, 2017. TCL denies the remaining allegations in Paragraph 18.

19. TCL admits that the webpage link provided leads to what appears to be a copy of U.S. Patent No. 9,395,857 (the "'857 Patent") and that on its face, the '857 patent is entitled "Capacitive Touch Panel" and has the issue date of July 19, 2016. TCL denies the remaining allegations in Paragraph 19.

20. TCL admits that the webpage link provided leads to what appears to be a copy of U.S. Patent No. 8,482,542 (the "'542 Patent") and that on its face, the '542 patent is entitled "Capacitive Touch Panel" and has the issue date of July 9, 2013. TCL denies the remaining allegations in Paragraph 20.

21. TCL is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies them.

22. TCL is without sufficient knowledge or information to form a belief as to the truth of the statements or allegations set forth in Paragraph 22 of the Complaint and therefore denies them.

## FACTUAL ALLEGATIONS

23. TCL admits that each Patent-in-Suit is entitled "Capacitive Touch Panel." TCL denies the remaining allegations in Paragraph 23.

24. TCL admits that each Patent-in-Suit is entitled "Capacitive Touch Panel." TCL admits that on its face, the '675 Patent lists Chen-Yu Liu and Kwan-Sin Ho as the inventors and

TPK Touch Solutions Inc. as the assignee. TCL admits that on its face, the ’857 Patent lists Jason Wu, Yen-Chung Hung, Ruey-Shing Weng, and Chih-Chang Lai as the inventors and TPK Touch Solutions Inc. as the assignee. TCL denies the remaining allegations in Paragraph 24.

25. Denied.

**COUNT I**
**(Alleged Infringement of the ’675 Patent)**

26. TCL incorporates by reference its responses in Paragraphs 1-25.

27. TCL admits that there is no license agreement between Alpha Touch and TCL. TCL denies the remaining allegations in Paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

**COUNT II**
**(Alleged Infringement of the '857 Patent")**

42. TCL incorporates by reference its responses in Paragraphs 1-25.

43. TCL admits that there is no license agreement between Alpha Touch and TCL. TCL denies the remaining allegations in Paragraph 43.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

**COUNT III**
**(Alleged Infringement of the '542 Patent)**

59. TCL incorporates by reference its responses in Paragraphs 1-25.

60. TCL admits that there is no license agreement between Alpha Touch and TCL. TCL denies the remaining allegations in Paragraph 60.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## DEMAND FOR JURY TRIAL

TCL admits that Alpha Touch has demanded a jury trial.

## PRAYER FOR RELIEF

A response to the prayer for relief is unnecessary. To the extent a response is required, TCL denies any allegations contained in the prayer for relief and denies that Alpha Touch is entitled to

any such judgment or relief, requested or otherwise. TCL has not and does not willfully infringe, directly or indirectly, any claim of the Patents-in-Suit.

## TCL'S DEFENSES

Subject to its response above, and upon information and belief, TCL alleges and asserts the following additional defenses in response to the allegations of the Complaint. In addition to the defenses below, TCL reserves all rights to allege additional defenses, including defenses currently unknown to TCL, as they become known throughout the course of discovery in this action. Assertion of a defense is not a concession that TCL has the burden of proving the matter asserted.

### FIRST DEFENSE
### (Failure to State a Claim)

1. The Complaint fails to state facts sufficient to state a cause of action and fails to state any claim against TCL upon which relief may be granted.

2. The Complaint fails to plead facts sufficient to state a claim for direct infringement under 35 U.S.C. § 271(a), including facts showing that TCL makes, uses, offers to sell, sells, and/or imports into the United States any of the products accused of infringement.

3. The Complaint fails to plead facts sufficient to state a claim for induced infringement under 35 U.S.C. § 271(b), including facts plausibly showing that TCL took clear, affirmative steps to encourage or cause direct infringement. *See Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.,* No. 24-889, 608 U.S. 580 (2026).

4. The Complaint fails to plead facts sufficient to state a claim for indirect infringement under 35 U.S.C. §§ 271(b), (c), including that TCL had any knowledge of the Patents-in-Suit.

**SECOND DEFENSE**
**(Non-infringement)**

5. TCL does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid and enforceable claim of the '675, '857, and the '542 Patents (collectively, "the Patents-in-Suit"), either literally or under the doctrine of equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

6. TCL does not make, use, offer to sell, sell, and/or import into the United States any of the products accused of infringement and therefore has not committed any acts in violation of 35 U.S.C. § 271(a).

7. TCL has not taken any affirmative steps to encourage or cause any third party to engage in acts constituting infringement of any asserted claim of the Patents-in-Suit, and has not engaged in conduct that plausibly reflects a specific intent or knowledge to bring about such infringement, and therefore has not committed any acts in violation of 35 U.S.C. § 271(b) or (c).

**THIRD DEFENSE**
**(Invalidity)**

8. The claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto. For example, the claims of U.S. Patent No. 8,482,542 are invalid at least for the reasons set forth in the petition filed in IPR2014-00927.

**FOURTH DEFENSE**
**(Limitation on Damages)**

9. Plaintiff's right to seek damages is limited, including without limitation by 35 U.S.C. §§ 286, 287.

**FIFTH DEFENSE**
**(Prosecution History Estoppel)**

10. Plaintiff's attempted enforcement of the Patents-in-Suit (*e.g.,* by a claim of literal infringement or infringement under the doctrine of equivalents) against TCL is barred by the doctrine of prosecution history estoppel.

11. For example, Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Patents-in-Suit.

**SIXTH DEFENSE**
**(Equitable Doctrines)**

12. Plaintiff's claims of infringement against TCL are barred in whole or in part by equitable doctrines, including the doctrines of patent misuse, collateral estoppel, equitable estoppel, unclean hands, and/or other applicable equitable doctrines.

**DEMAND FOR JURY TRIAL**

TCL requests a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by jury.

**TCL'S PRAYER FOR RELIEF**

Wherefore, TCL respectfully requests that this Court award in favor of TCL and against Alpha Touch and grant the following relief:

a) A judgment dismissing Alpha Touch's claims against TCL with prejudice;

b) A judgment in favor of TCL on all of its defenses;

c) A judgment that TCL has not infringed literally or under the doctrine of equivalents, directly or indirectly any valid and enforceable claim of the Patents-in-Suit;

d) A judgment that all claims of the Patents-in-Suit are invalid;

e) A finding that this an exceptional case pursuant to 35 U.S.C. § 285 and awarding TCL its reasonable attorney fees, costs and expenses of litigation;

f) Award TCL pre-judgment and post-judgment interest on any award;

g) Deny Alpha Touch any relief whatsoever, and find that it take nothing by its Complaint; and

h) Such other and further relief as the Court may deem just and proper.

Date: October 27, 2026

Respectfully submitted,

*/s/ Nicole S. Cunningham*
Nicole S. Cunningham (CA Bar No. 234390)
ncunningham@vanguardcrest.com
Steven A. Moore (CA Bar No. 232114)
smoore@vanguardcrest.com
Donald R. McPhail (DC Bar No. 444508)
dmcphail@vanguardcrest.com
Emily M. Heim (FL Bar No. 1015867)
eheim@vanguardcrest.com
**VANGUARD CREST PC**
1500 K Street, NW, Ste. 228
Washington, D.C. 20006
Main: (771) 777-8280

Michael E. Jones (State Bar No. 10929400)
mikejones@potterminton.com
Shaun W. Hassett (State Bar No. 24074372)
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for TCL Technology Group Corp., TCL Electronics Holdings Limited, TCL Communication Technology Holdings Limited, TCL Communication Limited, TCT Mobile International Limited, Huizhou TCL Mobile Communication Company Limited, and TCL Mobile Communication (HK) Company Limited*

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. DIST. TEX. LOC. CT. R. CV-5(a)(3) on this the October 27, 2026.

*/s/ Nicole S. Cunningham*
Nicole S. Cunningham (CA Bar No. 234390)
**VANGUARD CREST PC**