**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ALPHA TOUCH GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>TCL TECHNOLOGY GROUP CORP., TCL ELECTRONICS HOLDINGS LIMITED, TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, TCL COMMUNICATION LIMITED, TCT MOBILE INTERNATIONAL LIMITED, HUIZHOU TCL MOBILE COMMUNICATION COMPANY LIMITED, TCL MOBILE COMMUNICATION (HK) COMPANY LIMITED, and TCL CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:26-cv-00242-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF ALPHA TOUCH GROUP LLC'S ANSWER TO DEFENDANT TCL CHINA STAR OPTOELECTRONCS TECHNOLOGY CO., LTD.'S COUNTERCLAIMS**

Plaintiff/Counterclaim-Defendant Alpha Touch Group LLC ("Alpha Touch" or "Plaintiff"), by and through its undersigned counsel, hereby responds to the counterclaims in Defendant/Counterclaim-Plaintiff TCL China Star Optoelectronics Technology Co., Ltd.'s ("TCL CSOT" or "Defendant") Answer, Affirmative Defenses, and Counterclaims (Dkt. 58) (the "Counterclaims"), as follows:

**ANSWER TO COUNTERCLAIMS**

Alpha Touch denies all allegations contained in headings preceding individually numbered paragraphs of the Counterclaims. Alpha Touch denies all allegations in the Counterclaims to the

extent not expressly admitted. Alpha Touch hereby responds to the individually numbered paragraphs of the Counterclaims as follows:

## THE PARTIES[1]

1. Alpha Touch admits that TCL CSOT is a company organized under the law of the People's Republic of China with a place of business located at No. 9-2 Tangming Ave., Guangming New District, Shenzhen, Guangdong, 518132, China.

2. Alpha Touch admits that it is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business located at 104 East Houston Street, Marshall, TX 75670.

## JURISDICTION AND VENUE

3. Alpha Touch admits that the Counterclaims seeking declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and avers the remainder of Paragraph 3 contains legal conclusions to which no response pleading is required. To the extent a response is required, Alpha Touch denies the remaining allegations in Paragraph 3.

4. Alpha Touch admits that the Counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. Alpha Touch further admits that this Court has jurisdiction over the Counterclaims. Alpha Touch denies the Counterclaims are meritorious and that TCL CSOT is entitled to any relief requested therein.

5. Alpha Touch admits that this Court has personal jurisdiction over Alpha Touch with respect to the Counterclaims and avers that the remainder of Paragraph 5 contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is

[1] Alpha Touch's recitation of the headings in the Counterclaims is not an admission regarding the substance of the headings, to the extent they contain allegations. Alpha Touch repeats the headings in the Counterclaims for the purposes of consistency and clarity for the parties and the Court.

required, Alpha Touch denies the remaining allegations in Paragraph 5.

6. Alpha Touch admits that venue is proper in this District and avers that the remainder of Paragraph 6 contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Alpha Touch denies the remaining allegations in Paragraph 6.

**COUNT I**
**Declaratory Judgment of Non-Infringement of the ’675 Patent**

7. Alpha Touch incorporates by reference its responses to the allegations in Paragraphs 1 through 6 of the Counterclaims as if fully set forth herein. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 7.

8. Alpha Touch avers that Paragraph 8 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 8.

9. Alpha Touch avers that Paragraph 9 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 9. Alpha Touch denies TCL CSOT is entitled to the requested relief.

**COUNT II**
**Declaratory Judgment of Invalidity of the ’675 Patent**

10. Alpha Touch incorporates by reference its responses to the allegations in Paragraphs 1 through 6 of the Counterclaims as if fully set forth herein. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 10.

11. Alpha Touch avers that Paragraph 11 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 11.

12. Alpha Touch avers that Paragraph 12 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 12. Alpha Touch denies TCL CSOT is entitled to the requested relief.

**COUNT III**
**Declaratory Judgment of Non-Infringement of the '857 Patent**

13. Alpha Touch incorporates by reference its responses to the allegations in Paragraphs 1 through 6 of the Counterclaims as if fully set forth herein. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 13.

14. Alpha Touch avers that Paragraph 14 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 14.

15. Alpha Touch avers that Paragraph 15 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 15. Alpha Touch denies TCL CSOT is entitled to the requested relief.

**COUNT IV**
**Declaratory Judgment of Invalidity of the '857 Patent**

16. Alpha Touch incorporates by reference its responses to the allegations in Paragraphs 1 through 6 of the Counterclaims as if fully set forth herein. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 16.

17. Alpha Touch avers that Paragraph 17 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 17.

18. Alpha Touch avers that Paragraph 18 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Alpha Touch denies the

allegations in Paragraph 18. Alpha Touch denies TCL CSOT is entitled to the requested relief.

**COUNT V**
**Declaratory Judgment of Non-Infringement of the '542 Patent**

19. Alpha Touch incorporates by reference its responses to the allegations in Paragraphs 1 through 6 of the Counterclaims as if fully set forth herein. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 19.

20. Alpha Touch avers that Paragraph 20 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 20.

21. Alpha Touch avers that Paragraph 21 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 21. Alpha Touch denies TCL CSOT is entitled to the requested relief.

**COUNT VI**
**Declaratory Judgment of Invalidity of the '542 Patent**

22. Alpha Touch incorporates by reference its responses to the allegations in Paragraphs 1 through 6 of the Counterclaims as if fully set forth herein. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 22.

23. Alpha Touch avers that Paragraph 23 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 23.

24. Alpha Touch avers that Paragraph 24 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Alpha Touch denies the allegations in Paragraph 24. Alpha Touch denies TCL CSOT is entitled to the requested relief.

## ALPHA TOUCH'S AFFIRMATIVE DEFENSES TO TCL CSOT'S COUNTERCLAIMS

Subject to the responses above, Alpha Touch contends and asserts the following defenses in response to the allegations in TCL CSOT's Counterclaims. By asserting these affirmative defenses, Alpha Touch does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. In addition to each affirmative and other defenses described below, and subject to the responses above, Alpha Touch intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses with the facts that become known through the course of discovery or otherwise. For its affirmative defenses, Alpha Touch alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

TCL CSOT has failed to state a claim upon which relief can be granted. For example, the Counterclaims lack factual basis and fail to make more than bare conclusory allegations regarding non-infringement and invalidity of the Patents-in-Suit.

### SECOND AFFIRMATIVE DEFENSE
### (No Exceptional Case)

TCL CSOT cannot prove that this is an exceptional case justifying an award of attorneys' fees against Alpha Touch pursuant to 35 U.S.C. § 285.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, and Unclean Hands)

TCL CSOT's Counterclaims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**
**(Infringement)**

As set forth in Alpha Touch's Complaint (Dkt. 1), TCL CSOT has infringed and is continuing to infringe one or more valid and enforceable claims of the Patent's-in-Suit.

**OTHER AFFIRMATIVE DEFENSES**

Alpha Touch reserves the right to assert any and all additional affirmative defenses under Fed. R. Civ. P. 8(c), the Patent Laws of the United States, and any other legal or equitable defenses which may now exist or in the future be available based on discovery and further factual investigation in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Alpha Touch prays for the following relief against TCL CSOT as follows:

A. Entry of Judgment dismissing TCL CSOT's Counterclaims in their entirety;

B. Entry of Judgment declaring the Patents-In-Suit to be valid, enforceable, and infringed by TCL CSOT;

C. An award of attorneys' fees and costs incurred in defending against TCL CSOT's Counterclaims;

D. A finding that TCL CSOT's Counterclaims are not exceptional under 35 U.S.C. § 285; and

E. Such other and further relief as the Court deems just and proper.

Dated: November 17, 2026

Respectfully submitted,

*/s/ Vincent J. Rubino, III*

Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@frlip.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@frlip.com

Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@frlip.com
Enrique W. Iturralde
NY Bar No. 5526280
Email: eiturralde@frlip.com
**Fabricant, Rubino & Lambrianakos LLP**
411 Theodore Fremd Ave., Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Henry N. Metro
CA Bar No. 353966
Email: hmetro@frlip.com
**Fabricant, Rubino & Lambrianakos LLP**
19800 MacArthur Blvd., Suite 300
Irvine, California 92612
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
1200 Harbor Blvd., 10th Floor
Weehawken Township, NJ 07086
Telephone: (201) 817-1840
Facsimile: (973) 535-0921

***ATTORNEYS FOR PLAINTIFF***
***ALPHA TOUCH GROUP LLC***